**W. R. COLEMAN et al., Petitioners,**

**v.**

**Bryan W. FORISTER, Jr., et al., Respondents.**

**No. B–4174.**

Supreme Court of Texas.

Oct. 16, 1974.

Rehearing Denied Nov. 20, 1974.

---

Stayton, Maloney, Hearne, Babb & Cowden, John W. Stayton, Austin, for petitioners.

Hooper & Robinson, Malcolm Robinson, Austin, for respondents.

DENTON, Justice.

This is the second appeal of this cause. Plaintiffs, Dr. Bryan W. Forister, Jr., and six other property owners brought suit in the district court for Travis County for a declaration of their rights to and interests in Lots 1 and 2, Block 2, Emmett Shelton Subdivision, Wilkinson-Sparks Survey No. 4, Travis County, Texas. These rights and interests were claimed under and through Emmett Shelton, the common source of title. Plaintiffs' alleged rights and interests were based upon deeds executed in 1955 by Emmett Shelton as well as representations made by him to certain of the vendees thereunder prior to execution of the instruments under which they claim. Those representations were to the effect that the property in question, most of a 1–½ acre tract located on Bee Creek in the City of Westlake Hills, had been reserved as a park for the use and enjoyment of purchasers of non-waterfront property in the subdivision. The remainder of the tract was divided into twelve 1′ x 10′ and three 1′ x 20′ tracts along the water's edge; on November 30, 1955, each small parcel was conveyed by general warranty deed to a non-waterfront owner for the purpose of boat dockage. The disputed portion of the 1955 deed reads:

"This grant is specifically understood to cover only a one-foot strip of land bordering the water's edge, together with the use of the land under the waters of Bee Creek that lies directly north of each space which may be used for the purpose of boat dockage. Each grantee in this deed is given the additional right of ingress and egress over the lands of grantor that lie between the property of Arlyn Smith and A. S. Hull, to the above described spaces and/or tracts. Each grantee is given the right to use the walk-way immediately south of the grants herein made for purposes of access to the various tracts, provided that no obstructions are placed upon said walk-way that would prevent the free use of such walk-way by any and all of the grantees herein mentioned.

"It is expressly understood and agreed by the grantees herein that these grants are made in connection with the purchase of other lands from the grantor, which other lands do not have frontage on the waters of Lake Austin. This grant is made for the purpose of permitting the owners of such other lands to have access to Lake Austin. The privileges herein granted shall pass from the grantees herein to the purchasers of such other grants of land whether mention is made in such conveyances or not; it being specifically understood by the grantees herein that the privileges mentioned herein are not personal to the grantees, nor are they assignable except in connection with the title to such other lands.

"The intent of this conveyance is to make waterfront privileges available to the owners of land in the Sparks and Chambers Surveys, who have purchased such lands from the grantor."

Defendants, William Coleman and Sterling Holloway, acquired the remaining portion of Lots 1 and 2 in 1964.

In the first trial the trial court sustained defendants' motion for summary judgment except as to two fact issues: whether the

plat of the Holloway-Coleman Subdivsion of Lots 1 and 2, filed of record, cast a cloud on plaintiffs' title under the 1955 deed, and whether contemplated improvements by defendants upon these lots would interfere with the rights of ingress and egress held by plaintiffs under such deed. As to these issues, the court held that the express terms of the 1955 deed applied, and, therefore, defendants held Lots 1 and 2 in fee simple except for the one-foot strips and subject to the easements contained therein, which were limited to ingress and egress through the easternmost thirty feet of the tract and use of the walkway along the waterfront.

After the granting of the summary judgment, defendants proceeded with their plans to build a house on the tract. The house was completed and has been continuously occupied.

The court of civil appeals reversed and remanded, holding:

" . . . (a) that issues of fact are presented as to the establishment of an easement appurtenant by estoppel for park and related purposes on the property in suit (b) that fact issues are or may be presented as to the meaning of the words 'waterfront privileges' as used in the 1955 deed (c) that, *as a matter of law*, the 1955 deed gives to the grantees therein an unrestricted right to use all of the property in suit for ingress and egress to the waterfront." Forister v. Coleman, 418 S. W.2d 550, 565 (Tex.Civ.App.—Austin 1967.) [Emphasis added].

Upon appeal this Court refused the application, n. r. e. On motion for rehearing we were requested to note the rationale of our refusal of the application for writ of error, n. r. e. in view of three alternative bases for the court of civil appeals' decision. A *per curiam* opinion was issued, which stated in pertinent part:

"A majority of the court approves the holding of the court of civil appeals that in view of surrounding circumstances, the following language, as a matter of law, gives the grantees an unrestricted right to use the full 160 by 420 foot lot in controversy for ingress and egress to Bee Creek:

" 'This grant is specifically understood to cover only a one-foot strip of land bordering the water's edge, together with the use of the land under the waters of Bee Creek that lies directly north of each space which may be used for the purpose of boat dockage. *Each grantee in this deed is given the additional right of ingress and egress over the lands of grantor that lie between the property of Arlyn Smith and A. S. Hull,* to the above described spaces and/or tracts. Each grantee is given the right to use the walk-way immediately south of the grants herein made for purposes of access to the various tracts, provided that no obstructions are placed upon said walk-way that would prevent the free use of such walk-way by any and all of the grantees herein mentioned.' " Coleman v. Forister, 431 S.W.2d 2, 3 (Tex.1968). [Emphasis in the original].

Upon remand to the trial court, plaintiffs amended their petition to rely solely on the language of the 1955 Emmett Shelton deed and to request a mandatory injunction requiring removal of the house and restoration of the property to its original condition. After a trial to the court, judgment was entered granting full ingress and egress across the entire tract to the owners of the one-foot strips, and issuing the requested mandatory injunction. The court of civil appeals affirmed, but modified the judgment by eliminating the provision to replace and reinstate the property to the condition it was in prior to June 1965. 497 S.W.2d 530.

Petitioners bring five points of error in this court. By their first two points, petitioners complain of the ruling of the court of civil appeals that plaintiffs' pleadings may support the judgment granted by the

trial court. It is argued that plaintiffs changed their position after the first appeal and now rely entirely upon the language of the 1955 deed; and that the language does not grant the rights claimed by plaintiffs.

As noted by the court of civil appeals, it is clear that plaintiffs amended their pleadings in the belief that the effect of the first appeal was to adjudicate the meaning and effect of the 1955 deed, and the decision on that issue in plaintiffs' favor eliminated the necessity to rely on associated causes of action for fraud, estoppel in pais, and mutual mistake at the second trial in order to obtain the requested relief.

Plaintiffs' first appeal was from a partial summary judgment and adverse findings of facts on the remaining issues. The court of civil appeals remanded for trial the fact issues as to the establishment of an easement appurtenant by estoppel for park and related purposes and as to the meaning of the words "waterfront privileges" as used in the 1955 deed, as well as making the determination that the same deed granted "full" ingress and egress privileges.

■ The first two inquiries are clearly not answered by a determination that the deed contemplates full ingress and egress. Those terms indicate rights inherent in the owners of the dominant estates to pass through the servient estate. They do not imply the right to linger for recreational purposes, or to exercise waterfront privileges.

■ Without pleadings and evidence of surrounding circumstances, plaintiffs are entitled to the rights granted by the instrument, and no more. No interest in real property passes by implication as incidental to a grant except what is reasonably necessary to its fair enjoyment. A grant or reservation of an easement in general terms implies a grant of unlimited reasonable use such as is reasonably necessary and convenient and as little burdensome as possible to the servient owner. Bland Lake Fishing and Hunting Club v. Fisher, 311 S.W.2d

710 (Tex.Civ.App.1958, no writ); Cozby v. Armstrong, 205 S.W.2d 403 (Tex.Civ.App. 1947 writ ref. n. r. e.); Pokorny v. Yudin, 188 S.W.2d 185 (Tex.Civ.App.1945, no writ); 3 Tiffany, Real Property § 803 (3rd ed. 1939). Here, the grant expressly provides (a) the right of ingress and egress "over the lands of grantor that lie between the property of Arlyn Smith and A. S. Hull"; and (b) the right to use the walkway immediately adjacent to the one-foot tracts "for purposes of access" to them. No mention is made of any other rights of user, and none may be implied. Amendment of the petition to eliminate questions of fraud or estoppel had the concomitant effect of removing all issues of park and waterfront rights from the case. Therefore, evidence of the representations made by Emmett Shelton to the purchasers of the tracts concerning the use of the land in controversy would ordinarily be inadmissible under the parol evidence rule. Royal Indemnity Company v. Marshall, 388 S.W.2d 176 (Tex.1965); Minzer v. First National Bank in Dallas, 390 S.W.2d 784 (Tex.Civ. App.1965, writ ref. n. r. e.).

■■ The recognized exceptions to the parol evidence rule do not apply here. The 1955 deed contains no ambiguity which requires explanation. See McCormick & Ray, Texas Law of Evidence § 1685 (Supp. 1972 at 169). Nor is it so obviously incomplete as to require extrinsic evidence to give it meaning. *Id.* at § 1632. In the absence of pleadings showing cause for going outside the language of the deed, such as fraud or equitable estoppel, the plaintiffs must rely on the instrument alone. And, as has been shown, the deed alone cannot support the judgment of the trial court.

■ We recognize, however, that much of the confusion which attends this suit is the result of our per curiam opinion at 431 S.W.2d 2. That opinion was by a divided court; and it is our judgment that the per curiam opinion and its judgment were wrong, and it is overruled.

In Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196 (Tex.1963), this Court held that no indefinite rights to use the land of a 1000-acre ranch for pleasure and enjoyment were conveyed along with tracts of the adjoining development in the absence of express mention of such rights in the deeds to the individual tracts. Although there are factual differences between *Eagle Rock* and the instant case, we believe that decision concerning equitable causes of action would nevertheless be controlling.

No rights passed to the plaintiffs by "private dedication." Drye v. Eagle Rock Ranch, Inc., *supra*, 364 S.W.2d at 204; *cf.* Burnham v. Davis Islands, Inc., 87 So.2d 97 (Fla.1956); Kraushaar v. Bunny Run Realty Co., 298 Mich. 233, 298 N.W. 514 (1941). Similarly, there has been no expenditure of money on the servient tract by the lot owners to bring the case within the usual scope of estoppel in pais as that doctrine has developed in this Court. Drye v. Eagle Rock Ranch, Inc., *supra*, 364 S.W. 2d at 210. Nor has there been the apparent, continuous, and necessary use of the servient estate in such a manner as would give plaintiffs an implied easement appurtenant. Drye v. Eagle Rock Ranch, Inc., *supra*, 207–208; Mitchell v. Castellaw, 151 Tex. 56, 246 S.W.2d 163 (1952).

Since the deed alone cannot support the judgment, and since the supplementary causes of action do not compel the relief granted by the trial court, it follows that the judgment below cannot stand. The 1955 deed conveys a reasonable right of ingress and egress to the one-foot strips and the walkway, and no more. This is the full extent of the relief which may be granted to plaintiffs.

Defendants' fifth point of error, which contends the 1955 deed is null and void because it cannot be determined therefrom the tracts of land to which the easements granted are appurtenant, is without merit. The easements appertain to the one-foot strips not to the non-riparian tracts. Ownership of the strips is a matter determined by conveyances of the strips and for tracts since 1955 and is not at issue here. What is at issue is the maximum extent of the easements appurtenant to the strips; no matter who owns the strips, such owners are limited to reasonable use of the servient tract for access to them.

Defendants' third and fourth points of error concern the suitability of the mandatory injunction granted by the trial court and affirmed by the court of civil appeals. In view of our decision on the other issues, we need express no opinion on these issues.

The judgments of the courts below are reversed, and the cause is remanded to the trial court for a determination of reasonable access under the 1955 deed.

Dissenting opinion by REAVLEY, J., in which WALKER and JOHNSON, JJ., join.

REAVLEY, Justice (dissenting).

This Court is entitled to change its holding with respect to the effect of the 1955 deed; there is good reason for doing so. We cannot escape acknowledging, however, that plaintiffs, the trial court, and the Court of Civil Appeals (497 S.W.2d 530) have accepted and faithfully applied the former per curiam opinion of this Court on that matter. 431 S.W.2d 2. My protest is against the present disposition of all claims for an easement appurtenant. Upon receipt of today's ruling, plaintiffs Forister et al are learning for the first time since the per curiam opinion that consideration of their former contentions of estoppel is being made and that the success of those contentions is necessary for their cause. They are entitled to be heard and to make their record before having this claim denied.

In my opinion Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196 (Tex.1963) does not necessarily control the present claim. This was the position of the Court of Civil Appeals in the first appeal of the present case. 418 S.W.2d 550. If we are to reach the

question, I would follow the rule of Mc-Cleary v. Lourie, 80 N.H. 389, 117 A. 730 (1922).

WALKER and JOHNSON, JJ., join in this dissent.