NUMBER 13-01-718-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





RUBERT DAIL AND OPHELIA DAIL , Appellants,



v.



HERMAN E. COUCH AND BONNIE L. COUCH , Appellees.




On appeal from the 9th District Court

of Montgomery County, Texas.





O P I N I O N

 Before Chief Justice Valdez and Justices Castillo and Amidei (1)

Opinion by Justice Amidei



 Appellants, Robert Dail and Ophelia Dail, sued appellees, Herman E. Crouch and Bonnie L. Crouch, for a mandatory
injunction to remove a patio or deck appellees built on their lake front property adjacent to appellants' property alleging it
violated the easement rights to and from the lake granted pursuant to the subdivision restrictive covenants. Appellees filed
an answer and a counterclaim alleging their deck was constructed within their property lines in the same manner as other
lots similarly situated in the subdivision and was approved by the San Jacinto Water Authority and Board of Directors of
the subdivision. After a bench trial, the trial court enjoined any construction within five feet of the property line and
awarded appellants $2,500.00 attorney's fees. Appellants contend the trial court erred in failing to 1) enjoin construction
within fifteen feet of the property line and 2) award them $8,000.00 attorney's fees as they requested. We affirm.

Standard of Review

 Ordinarily, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed
without a showing of abuse of discretion. Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881(Tex. 1990).

 A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles,
or misapplies the law to the established facts of the case. Downer v. Acquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985).

 A grant or reservation of an easement in general terms implies a grant of a use such as is reasonably necessary and
convenient and as little burdensome as possible to the servient owner. Coleman v. Forister, 514 S.W.2d 899, 903 (Tex.
1974).

 To determine whether there is legally sufficient evidence, all the record evidence and inferences must be viewed in a light
most favorable to the findings. Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48
(Tex. 1998).

Issues Presented

 In appellants' first and fifth issues, they claim the trial court abused its discretion in reducing the amount of attorney's fees
awarded to them, and in failing to order the appellees to remove the portions of the deck within fifteen feet of appellants'
property line.

 Appellants do not cite any authority indicating the trial court abused its discretion by reducing the amount of attorney's fees
established by the uncontradicted testimony of an expert. The appellants cite Ragsdale, 801 S.W.2d at 881, to support their
first issue but as shown by the following quotes from that case the trial court doesn't abuse its discretion if making an award
of an uncontroverted claim would be wrong:

 Ordinarily, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed
without a showing of abuse of that discretion. Id. at 881.



 * * *



 . . . we do not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the
amount claimed . . . In this situation the evidence may be uncontradicted, but the trial judge could find some of the claimed
fees to be unreasonable, unwarranted, or some other circumstance which would make an award of an uncontroverted claim
wrong. 



Id. at 882.



Regarding the trial court's discretion in establishing the width of the easement, appellants do not cite authority or a
provision in the restrictions which required the trial court to adjudge a fifteen foot width instead of a five foot width. 
Appellants cite the general rule as to trial court abuse of discretion contained in Downer, 701 S.W.2d at 241-42, without
any argument as to how it applies to support their issue number five. Appellee cites Coleman, 514 S.W.2d at 903, which
holds, ". . . a grant or reservation of an easement in general terms implies a grant of unlimited reasonable use such as is
reasonably necessary and convenient and as little burdensome as possible to the servient owner." Since the easement grant
in the instant case is in general terms, under Coleman the trial court had the discretion to establish the width of the
easement so long as it affords appellants access to the lake. Id. There was no evidence that a five foot easement would not
afford such access.

 Appellants' first and fifth issues are overruled.

 In issues numbers two, three, four, six, and seven appellants contend that the evidence was legally and factually
insufficient to support the trial court's finding as to the award of attorney's fees, and size of the easement; and in issue
number four contend the attorney's fee award was against the great weight and preponderance of the evidence.

 Appellants argue the testimony which they offered and was admitted into evidence was insufficient because the trial court
should have used the same evidence to make a better award to them. Their complaint is that the trial court made the wrong
legal conclusions from the evidence. To determine whether there is legally sufficient evidence, all the record evidence and
inferences must be viewed in a light most favorable to the findings. Formosa Plastics Corp., 960 S.W.2d at 48. As we
have already determined the trial court did not abuse its discretion in finding the five foot width of the easement and the
$2,500.00 attorney's fees award, we must hold that the evidence viewed in a light most favorable to the findings is within
the scope of the evidence and the evidence supports the findings. Id. Since appellants failed to limit the scope of their
evidence when introduced, that is, limiting its scope to only a fifteen foot easement or to only an $8,000.00 attorney's fee
award, they cannot use as grounds for complaint on appeal the trial court's use of the evidence to limit or reduce appellants'
award to less than they requested. Tex. R. Evid. 105(a)(b).

 Appellants fail to make a succinct, clear and accurate statement of an argument with appropriate citations to authorities as
to their issue number four claiming the $2,500.00 attorney's fee award is against the great weight and preponderance of the
evidence. (2) Appellants' violation of the briefing rules waives their argument. 

 Any error of the trial court in its legal conclusions from the evidence would constitute an error of law for which we cannot
reverse because we do not conclude the error or errors complained of, (1) probably caused the rendition of an improper
judgment; or, (2) probably prevented the appellants from properly presenting the case to the court of appeals. Tex. R. App.
P. 44.1(a)(1)(2).

 Appellants' issues numbers two, three, four, six and seven are overruled.

 The judgment of the trial court is affirmed. 



________________________

MAURICE AMIDEI

JUSTICE

Opinion delivered and filed

this 27th day of February, 2003.

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex.Gov't Code Ann. § 74.003 (Vernon 1998).

2. Tex. R. App P. 38.1(g)(h).