NUMBER 13-02-326-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LUIS F. ARANGO, M.D., Appellant,


v.



NORA BRUMMETT, Appellee.

 


On appeal from the 370th District Court of Hidalgo County, Texas. 


MEMORANDUM O P I N I O N



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Garza


 

This appeal challenges a trial court's award of attorney's fees pursuant to the
Medical Liability and Insurance Improvement Act. We affirm. 

Background

 The lawsuit underlying this appeal was filed by Nora Brummett ("Brummett") against
Dr. Luis Arango ("Arango") for negligent medical treatment. Before trial, Arango filed a
motion to dismiss and a demand for sanctions pursuant to the Medical Liability and
Insurance Improvement Act, see Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e)(1)
(Vernon Supp. 2003), on the grounds that Brummett had not provided an expert report
within the 180-day period required by the Act, see id. at § 13.01(d). Brummett responded
by filing a notice of nonsuit. 

 The trial court ordered the dismissal of Brummett's complaint and sanctioned her
by awarding attorney's fees to Arango. It awarded $1,000 in actual trial costs and then
made the following prospective awards: $1,500 if the case is appealed to an intermediate
court of appeals; $1,000 if a petition for review is filed with the Supreme Court of Texas;
and an additional $1,000 if Arango wins at the Texas Supreme Court. 

 Arango now appeals to this Court, claiming that the trial court abused its discretion
in awarding attorney's fees because (1) the amount awarded is arbitrary and unreasonable
and (2) the court acted without reference to guiding rules and principles. According to
Arango, the evidence presented to the trial court on this issue established reasonable
attorney's fees in the amount of $4,678, rather than $1,000, for handling the lawsuit
through dismissal. Arango further argues that the trial court's prospective award of
appellate attorney fees was likewise unreasonably low.

Standard of Review 

 In Texas, a party may not recover attorney's fees unless expressly permitted by
statute or by contract between the parties. See Holland v. Wal-Mart Stores, Inc., 1 S.W.3d
91, 95 (Tex. 1999) (citing Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 593 (Tex.
1996)). Statutes providing that a party "shall be awarded attorney fees" are not
discretionary. See Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). Although awarding
attorney's fees is mandatory in such instances, courts are afforded discretion in
determining their amount. Great Global Assurance Co. v. Keltex Properties, 904 S.W.2d
771, 776 (Tex. App.-Corpus Christi 1995, no pet.) ("A court has discretion to fix the
amount of attorney's fees."); see also Hagedorn v. Tisdale, 73 S.W.3d 341, 353 (Tex.
App.-Amarillo 2002, no pet.) ("The amount of an award of an attorney's fee is within the
discretion of the trial court."); Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 556 (Tex.
App.-Austin 1999, pet. denied) (same); World Help v. Leisure Lifestyles, 977 S.W.2d 662,
683 (Tex. App.-Fort Worth 1998, pet. denied) (same); Budd v. Gay, 846 S.W.2d 521, 524
(Tex. App.-Houston [14th Dist.] 1993, no writ.) (same). A trial court's award of attorney's
fees is thus reviewed for abuse of discretion. Bocquet, 972 S.W.2d at 21; Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam); Haggar
Apparel Co. v. Leal, 100 S.W.3d 303, 315 (Tex. App.-Corpus Christi 2002, pet. filed); First
Fed. Sav. & Loan Ass'. v. Ritenour, 704 S.W.2d 895, 902 (Tex. App.-Corpus Christi 1986,
writ ref'd n.r.e.). A trial court abuses its discretion when it acts arbitrarily and unreasonably
and without reference to guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing matters reserved for the trial
court's discretion, a court of appeals may not substitute its own judgment for that of the trial
court. See Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41-42 (Tex. 1989). Applicable Law

 The determination of reasonable attorney's fees is a question for the trier of fact. 
See, e.g., Gonzalez v. Nielson, 770 S.W.2d 99, 102 (Tex. App.-Corpus Christi 1989, writ
denied). Factors to be considered in determining the amount of reasonable attorney's fees
include: 1) the time and labor required, novelty and difficulty of the question presented, and
the skill required to properly perform the legal service; 2) the likelihood that the acceptance
of employment precluded other employment by the lawyer; 3) the fee customarily charged
in the locality for similar services; 4) the amount involved and the results obtained; 5) the
time limitations imposed by the client or by the circumstances; 6) the nature and length of
the professional relationship with the client; 7) the experience, reputation, and ability of the
lawyer performing the services; and 8) whether the fee is fixed or contingent. Llanes v.
Davila, No. 13-02-129-CV, 2003 Tex. App. LEXIS 392 at *17 (Corpus Christi Jan. 16, 2003,
pet. denied); see also Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818
(Tex. 1997). While these factors may be considered, the court is not required to receive
evidence on all of them. See, e.g., Tisdale, 73 S.W.3d at 353. The court is also free to
look at the entire record, the evidence presented on reasonableness, the amount in
controversy, the common knowledge of the participants as lawyers and judges, and the
relative success of the parties. Chilton Ins. Co. v. Pate & Pate Enters., Inc., 930 S.W.2d
877, 896 (Tex. App.-San Antonio 1996, writ denied). 

Analysis

 Arango's argument on appeal is essentially that the trial court had no discretion to
award less attorney's fees than the amount he sought to establish because Brummett did
not put on any evidence or testimony challenging the reasonableness of that amount. We
disagree. As we have already explained, the proper amount of attorney's fees to be
awarded is within the trial court's discretion. See, e.g., Dail v. Couch, 99 S.W.3d 390, 391-92 (Tex. App.-Corpus Christi 2003, no pet.). Although Arango's evidence and testimony
was uncontradicted by testimony from Brummett or her witnesses, the trial court had the
sound discretion to decide that such fees were nevertheless unreasonable, incredible,
unwarranted, or that some other justification existed for reducing them. See, e.g.,
Ragsdale, 801 S.W.2d at 882. Arango has not demonstrated that the trial court arbitrarily
or unreasonably decided to award less attorney's fees than the amount for which he
prayed. Likewise, he has not established that the decision was made without reference
to guiding rules and principles. Because we have no authority to substitute our judgment
for that of the trial court, Arango's sole issue on appeal is OVERRULED. 

The trial court's judgment is AFFIRMED.

 

 __________________________

 DORI CONTRERAS GARZA,

 Justice


Opinion delivered and filed

this 29th day of August, 2003.