# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00295-CV

**Barbara A. Garrett and Nelson Gene Garrett, Appellants**

**v.**

**Shay Brinkley and Robin Brinkley, Appellees**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 43699, HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is the second appeal to this Court concerning the same disputed road easement used to access a public road by Shay and Robin Brinkley across the property of Barbara A. and Nelson Gene Garrett. We previously determined that the Brinkleys do, indeed, have an enforceable easement across the Garretts' property. *See Garrett v. Brinkley*, No. 03-14-00431-CV, 2016 WL 240896, at *1 (Tex. App.—Austin Jan. 15, 2016, no pet.) (mem. op.) (affirming trial court's summary judgment in favor of Brinkleys on Garretts' declaratory-judgment claims). While that cause was on appeal, the Garretts filed another lawsuit against the Brinkleys, this time alleging trespass and seeking to enjoin the Brinkleys from modifying the road easement and operating vehicles or road equipment beyond its "original" width. The trial court granted the Brinkleys' summary-judgment motion on the Garretts' claims and resolved the core of the parties' dispute by determining the width of the easement. The Garretts appeal the summary judgment, contending

that there was a disputed material fact issue about the easement's width and that the court erred in setting it at 20 feet as a matter of law. We will affirm the trial court's judgment.

## DISCUSSION[1]

In their first issue, the Garretts contend that the trial court erred in granting the Brinkleys' combined traditional and no-evidence motion for summary judgment because there is a disputed material fact issue about the easement's width.[2] However, the only evidence the Garretts attached to their response to the Brinkleys' summary-judgment motion, other than a legal description of the property at issue that is not relevant to the easement's width, was one affidavit—that of their son, Glenn Garrett.[3] The affidavit is one-and-a-half pages in length and does not make any reference to the width of the easement.[4] Rather, it alleges merely that (a) Shay Brinkley admitted to Glenn Garrett that he had mistakenly caused damage to the Garretts' property through his use of a

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. Additionally, this Court has summarized some of the relevant facts in its prior related opinion. *See Garrett v. Brinkley*, No. 03-14-00431-CV, 2016 WL 240896, at *1 (Tex. App.—Austin Jan. 15, 2016, no pet.) (mem. op.).

[2] At the hearing on the summary-judgment motion, the Garretts' counsel conceded that the easement was at least 12 feet wide; the Brinkleys' counsel contended that the easement was at least 15 feet wide.

[3] The Garretts attempt to rely on evidence submitted for the first time with their motion for new trial as support for their argument that the trial court erred in granting the Brinkleys' summary-judgment motion. As we informed the Garretts in our prior opinion, we may not consider late-filed evidence unless it was filed with leave of court, and the Garretts do not cite any such permission in the record. *See* Tex. R. Civ. P. 166a(c); *Garrett*, 2016 WL 240896, at *2.

[4] The one sentence in the affidavit that *did* reference width was struck by the trial court pursuant to the Brinkleys' objection, and the Garretts do not appeal that evidentiary ruling.

2

contractor to perform maintenance on the road and (b) Glenn had observed a "maintainer" (a piece of heavy road equipment) on the Brinkleys' property near the property line as well as physical damage to his parents' property adjacent to the original roadway. This affidavit does not amount to a scintilla of evidence on the issue of the easement's width and, accordingly, the Garretts did not meet their burden of proof.[5] *See* Tex. R. Civ. P. 166a(i); *City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005); *Garrett*, 2016 WL 240896, at *2. Accordingly, we overrule the Garretts' first issue.

In their second issue, the Garretts contend that the trial court erred in failing to grant their motion for new trial. The motion for new trial raised the same issues and made the same arguments as those presently before this Court. We review the district court's decision granting or denying a motion for new trial for abuse of discretion. *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 462 (Tex. App.—Austin 2006, no pet.). When a motion for new trial is overruled by operation of law, as here, the question becomes whether the court abused its discretion by allowing the motion to be overruled. *Id.* A court abuses its discretion when it fails to correctly analyze or apply the law or when it acts arbitrarily or without reference to guiding legal principles. *Id.*

---

[5] The Garretts also contend that Glenn Garrett's affidavit creates a material fact issue on the question of whether the Brinkleys trespassed by "widening" the road. However, whether a trespass occurred depends entirely upon the court's determination of the width of the easement. Because the court set the easement at 20-feet wide, which determination we conclude was proper, *infra*, the Garretts' claims that the Brinkleys' alleged road maintenance that "widened" the easement from less than 12 feet to more than 15 feet wide does not, as a matter of law, constitute a trespass, because the deed expressly authorizes the grantee to repair and maintain the road. *See Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011) (defining trespass as "an unauthorized entry upon the land of another"); *Harbor Ventures, Inc. v. Dalton*, No. 03-10-00690, 2012 WL 1810205, at *8 (Tex. App.—Austin, May 18, 2012, pet. denied) (mem. op.) ("An easement is a nonpossessory interest in land that authorizes its holder to use the property for specified purposes only.").

In their motion for new trial, the Garretts introduced two affidavits[6] for the first time, suggesting that they considered the affidavits to be "newly discovered evidence," justifying a new trial.[7] *Id.* at 463. But evidence that was, or could have been, discovered using reasonable diligence is not newly discovered. *Id.* The Garretts' motion for new trial does not assert that the affidavits could not have been discovered earlier in the proceedings, and based on the affidavits' content and the fact that they are from interested witnesses, we conclude that with the exercise of reasonable diligence, the Garretts could have presented the affidavits in response to the Brinkleys' motion for summary judgment. The Garretts have not met their burden of showing that the trial court acted arbitrarily or unreasonably by allowing their motion for new trial to be overruled. Accordingly, we overrule their second issue.

In their final issue, the Garretts contend that the trial court erred in setting the easement width at 20 feet, both (1) because that determination granted the Brinkleys relief that they did not request in their motion for summary judgment, which prayed only that the easement "be confirmed as 15' wide," not 20; and (2) in contravention of the deed granting the easement. The Garretts do not cite any authority for their argument that the trial court may not determine the easement to be wider than specifically requested by the Brinkleys in their summary-judgment motion. While the general rule is that a summary judgment may not grant a party more relief than

---

[6] One was the affidavit of Nelson Gene Garrett, and the other was a second affidavit of Glenn Garrett.

[7] The Garretts' brief does not make any discernible arguments about why the trial court erred in not granting the motion for new trial; however, the brief's repeated citation to the new affidavits attached to the motion for new trial indicates that they consider the evidence to have been "newly discovered." Accordingly, we will analyze their issue on the basis of that argument.

4

that requested in its motion, that rule has developed in circumstances wherein a motion for summary judgment has wholly failed to address an entire *claim* of relief or *theory* of liability. *See, e.g.*, *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911–12 (Tex. 1997); *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 886–87 (Tex. App.—Dallas 2011, no pet.); *Rust v. Texas Farmers Ins. Co.*, 341 S.W.3d 541, 552 (Tex. App.—El Paso 2011, pet. denied); *Muston v. Nueces Cty. Sheriff's Dep't*, 122 S.W.3d 469, 473 (Tex. App.—Corpus Christi 2003, no pet.).

The circumstances are different here, where the trial court did not enter judgment on an issue that had not been presented to it. Rather, before the Brinkleys moved for summary judgment, they had already presented the issue of the easement's width to the trial court by way of their first amended answer, in which they prayed for a boundary determination. Furthermore, their summary-judgment motion not only prayed for setting the easement's width at 15 feet but, additionally, prayed generally that the court grant them "all additional or alternative relief to which they may be entitled." The body of the motion further argued that the easement was "at least" 15 feet wide, as supported by affidavits. When resolving on summary judgment the legal question at the core of a dispute, the trial court may properly fashion a remedy in accordance with the movant's general prayer *despite* the presence of a specific, limited prayer. *See Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 845 (Tex. App.—Austin 2004, no pet.) (concluding that appellee's request in prayer section of summary-judgment motion that it be awarded "such other and further relief" to which it was entitled, in addition to specific request that it be removed from tax rolls for one particular year, was sufficient request to support court's judgment ordering taxing authority to remove appellee from tax rolls for additional years); *see also Holmstrom*

5

*v. Lee*, 26 S.W.3d 526, 532–33 (Tex. App.—Austin 2000, no pet.) (noting that relief consistent with facts and pleaded theories may be granted under general prayer).

Because the Brinkleys' live pleading sought a determination of the easement's parameters and because their summary-judgment motion sought resolution of the boundary issue as well as "all additional or alternative relief" to which they were entitled, we conclude that the trial court did not err in setting the easement's width at 20 feet rather than 15. *See Signature Flight Support Corp.*, 140 S.W.3d at 845; *Leverov v. Hold Props., Ltd.*, No. 11-11-00284-CV, 2014 WL 887225, at *5–6 (Tex. App.—Eastland Feb. 27, 2014, no pet.) (mem. op.) (affirming summary judgment granting damages for more months' rent than that specifically requested by summary-judgment motion, where evidence supported award, body of motion referenced more months of lost rent than specifically requested in prayer, and prayer did not "cap" request at two months but instead requested "at least" two months' of rent); *see also* Tex. R. Civ. P. 301 (requiring court's judgment to conform to pleadings).

With respect to the Garretts' second argument—that the trial court's width determination contravened the deed—we begin by reciting the relevant provisions in the 1945 instrument wherein the Garretts' predecessor sold the Brinkleys' predecessor:

> a perpetual easement and right of ingress and egress at any and all times to enter upon and go through and across the following lands owned by [the Garretts' predecessors]
>
> . . . .
>
> However, it is understood and agreed that such right of ingress and egress and easement shall be confined to the present roadway leading through the above described land to the lands owned by [the Brinkleys' predecessors]. It is further agreed and understood that the grantor herein, his heirs and assigns shall have the

6

right to change the present roadway leading through said premises at any time, but said roadway shall not be changed so as to prevent [the Brinkleys' predecessors] and [their] heirs and assigns from crossing said land above described. It is further understood that [the Brinkleys' predecessors] shall have the right to repair said roadway at any time [they] may desire. In the event said roadway as now established should be changed by the grantor from its present location on said premises, the said grantor shall place such changed road in as good condition as the present roadway now leading over and across said premises.

Specifically, the Garretts contend that the deed's reference to the "present roadway" implies the roadway's historic *width* rather than its *location* on their property. Based on the deed's plain language as well as easement law generally, we disagree.

When an instrument granting an easement does not specify the easement's width, courts may imply that the width is whatever is "reasonably necessary and convenient" for ingress and egress while being as "little burdensome as possible to the servient owner." *Coleman v. Forister*, 514 S.W.2d 899, 903 (Tex. 1974); *see Barnett v. Havard*, No. 09-12-00310-CV, 2014 WL 2611153, at *5 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.) (considering evidence in light most favorable to judgment and upholding court's determination of width of easement due to reasonable need to control drainage and prevent flooding); *Harbor Ventures, Inc. v. Dalton*, No. 03-10-00690, 2012 WL 1810205, at *11 (Tex. App.—Austin, May 18, 2012, pet. denied) (mem. op.) (modifying trial court's judgment to specify that easement is limited to portion of servient estate "reasonably necessary to provide ingress and egress" to dominant estate); *see also Davis v. Garrett*, No. 09-16-00141-CV, 2017 WL 3298085, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (holding that trial court could have disbelieved only evidence admitted regarding width of easement and, where party's pleading did not specify width of easement it was requesting trial court to declare, that trial court did not err in setting easement at width of standard county road per transportation

7

code, which was wider than what both parties testified to). Here, the deed does not specify the width of the easement. Although the instrument does reference the "present roadway," its repeated use of that term in connection with the grantor and grantee's rights to repair and relocate said "roadway" implies that the deed does not intend to set explicit limits on the easement's width and that, rather, the phrase refers to location rather than width.

Shay Brinkley's affidavit attached to his summary-judgment motion averred that the Brinkleys have a need for a width greater than 15 feet because pulling a long trailer along some of the bends in the road takes up 15 feet alone, without any extra room to spare in the event of a flat tire or a vehicle approaching from the opposite direction. The trial court's summary judgment, which set the easement at 20-feet wide and ordered that the Garretts "take nothing by their claims," made several findings and determinations, including the following:

- Under Texas Transportation Code section 621.201(b), the maximum width of a passenger vehicle travelling [sic] legally on a public roadway in in [sic] Texas, without the necessity for a special permit, is eight (8) feet;

- No specific width limitation was expressed in the February 17, 1945, document originally creating the easement, and no prior determination has been made as to a specific width restriction regarding the easement at issue;

- It would be unreasonable to interpret the easement to mean that, despite the granting of the "right to ingress **and** egress" (emphasis added), the grantee and his heirs or assigns would only be allowed to exercise the right to ingress **or** egress (emphasis added) at any point in time when two or more legal width passenger vehicles where [sic] to meet in the roadway along the portion that is covered by the easement, and that one would then have to reverse travel to an area outside of the easement because two vehicles could not pass and remain within the twelve (12) feet that the plaintiffs argue constitute what is "needed," despite the fact that this would be an imaginary boundary that no document or court has created;

8

- It is completely unrealistic to believe that two or more vehicles have never met on the roadway within the easement area during its continual use since 1945;

- To reach a conclusion that would not allow two legal width vehicles to pass each other within the easement area would be unsafe and would require one vehicle or the other to back out of the easement unnecessarily, or for the Defendants to run the risk of being sued for trespass every time two vehicles passed each other within the easement property; and

- The safe passage of two legal width vehicles traveling in opposite directions across the easement in question would require a minimum of 20 feet (Two vehicles that are 8 feet wide, with sixteen (16) inches of clearance between the vehicles and sixteen (16) inches of clearance on the outside of each vehicle.

On this record, we conclude that the trial court did not err in making the determination that the deed did not specify width and that an easement of 20 feet is reasonably necessary to provide the Brinkleys ingress to and egress from their property. Accordingly, we hold that the trial court did not err in setting the easement's width at 20 feet, and we overrule the Garretts' third issue.

### CONCLUSION

Having overruled all of the Garretts' issues, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Field, and Bourland

Affirmed

Filed: December 12, 2017

9